FILED BY FAX
PURSUANT TO LOCAL RULES



FILED
09 SEP 22 AM 10: 12
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

1  PAUL E. FISHER SBN 125309
   The Law Offices of Paul E. Fisher
2  3101 W. Coast Highway, Suite 311
   Newport Beach CA 92663
3  Telephone: (949) 631-9100
   Facsimile: (949) 631-9101
4
   E-filing
5  ATTORNEYS FOR CONTEST
   PROMOTIONS, LLC

6              UNITED STATES DISTRICT COURT

7         FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
   CONTEST PROMOTIONS, LLC, a            )
9  California limited liability company,  )   CV 09         4434
                                         )   COMPLAINT FOR:
10          Plaintiff,                    )
                                         )
11     vs.                               )   DECLARATORY AND
                                         )   INJUNCTIVE RELIEF AND FOR
12 CITY OF SAN FRANCISCO, a              )   DEPRIVATION OF CIVIL RIGHTS
   municipal corporation, COUNTY OF      )
13 SAN FRANCISCO, a subdivision of       )   [DEMAND FOR JURY TRIAL]
   the State of California, CITY AND     )
14 COUNTY OF SAN FRANCISCO, a            )
   chartered California city and county and)
15 DOE 1 through DOE 10,                 )
                                         )
16          Defendants.                  )

17
18
19      Plaintiff, CONTEST PROMOTIONS, LLC, a California limited liability

20 company, alleges as follows:

21                  **JURISDICTION AND VENUE**

22      1.   The jurisdiction of this court is invoked on the basis of the existence of a

23 federal question and deprivation of civil rights pursuant to 28 U.S.C. §§ 1331 and

24 1343(a)(3). This action arises under the Civil Rights Act, 42 U.S.C. § 1983, *et seq.*

25 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

26      2.   Venue in this district is proper under 28 U.S.C. § 1391(b) in that the

27 claims asserted in this Complaint arose in the Northern District of California.

28      ///

LAW OFFICES OF PAUL E. FISHER
3101 W. Coast Highway, Suite 311
Newport Beach CA 92663
Office: (949) 631-9100
Facsimile: (949) 631-9101

LAW OFFICES OF PAUL E. FISHER
3100 W. Coast Highway, Suite 311
Newport Beach CA  92663
Office: (949) 631-9100
Facsimile: (949) 631-9101

## THE PARTIES

1.    Plaintiff, Contest Promotions, LLC, was and is a California limited liability company doing business in the City and County of San Francisco, State of California.

2.    Defendant City of San Francisco (the "City") is a municipal corporation organized and existing under the laws of the State of California.

3.    Defendant County of San Francisco (the "County") is a political subdivision of the State of California.

4.    Plaintiff is unaware of the true names and capacities of Defendants Doe 1 through Doe 10, inclusive, but is informed and believes and thereon alleges that each is employed by the City or County of San Francisco and is responsible, in some manner, for the events and happenings alleged herein. Plaintiff is further informed and believes and thereon alleges that each of the Doe Defendants named herein has violated clearly established principles of law of which a reasonable person should have been aware and has therefore lost any qualified immunity that such individual might otherwise have. For the foregoing reasons, Plaintiff therefore sues said Defendants under such fictitious names and will amend this Complaint to name their true names and capacities when the same has been ascertained.

5.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, Doe 1 through 10, and each of them, were the agents, servants and employees of each of their Co-Defendants, and in performing the acts herein alleged were acting within the course and scope of their authority as such agents, servants and employees with the permission and consent of their Co-Defendants.

## PRELIMINARY ALLEGATIONS

6.    Plaintiff engages in the business of promoting and operating contests in which individuals are invited to enter various business premises for the purpose of filling out applications and winning prizes. In connection with these contests,

LAW OFFICES OF PAUL E. FISHER
3100 W. Coast Highway, Suite 311
Newport Beach CA  92663
Office: (949) 631-9900
Facsimile: (949) 631-9101

1  Plaintiff posts on-site advertising where the contests are operated for the purpose of

2  encouraging the public to enter the premises and participate in said contests.  Such

3  advertising also has the effect of increasing the number of patrons of each

4  establishment for the purpose of increasing sales of the commercial enterprise where

5  the contest is being operated.

6      7.    There currently exists and is in effect as part of the legal code of the City

7  and County of San Francisco a series of ordinances enacted by the City and County

8  which regulate the erection and maintenance of all signs within the limits of the City

9  and County (hereinafter the "Sign Ordinance").

10      8.    While the Sign Ordinance in general permits numerous types of on-site

11  signs to be erected within the City, it contains an express prohibition on all new off-

12  site signs, which it denominates "General Advertising Signs."

13      9.    Section 602.7 of the Sign Ordinance defines prohibited general

14  advertising signs as follows:

15      A sign, legally erected prior to the effective date of Section 611 of this
       Code, which directs attention to a business, commodity, industry or
16      other activity which is sold, offered or conducted elsewhere than on the
       premises upon which sign is located, or to which it is affixed, and
17      which is sold, offered or conducted on such premises **only incidentally
       if at all**.
18

19      [Emphasis added.]

20      10.   Section 602.3 of the Sign Ordinance defines prohibited business signs as

21  follows:

22      A sign which directs attention to a business, commodity, service,
       industry or other activity which is sold, offered, or conducted, **other
23      than incidentally**, on the premises upon which such sign is located, or
       to which it is affixed. Where a number of commodities with different
24      brand names or symbols are sold on the premises, up to  1/3 of the area
       of a business sign, or 25 square feet of sign area, whichever is the
25      lesser, may be devoted to the advertising of one or more of those
       commodities by brand name or symbol as an accessory function of the
26      business sign, provided that such advertising is integrated with the
       remainder of the business sign, and provided also that any limits which
27      may be imposed by this Code on the area of individual signs and the
       area of all signs on the property are not exceeded.

28      [Emphasis added.]

COMPLAINT

1    11.    Although Plaintiff's signs relate directly to an activity conducted on the

2    site where the signs are located and are more than incidentally related to the business,

3    commodity, industry or other activity which is sold, offered or conducted on the

4    premises, the City has issued approximately two dozen citations against Plaintiff's

5    signs, claiming that they are prohibited general advertising signs.  Each of these

6    citations creates the potential assessment of criminal penalties and thousands of

7    dollars in fines.

8                              **FIRST CAUSE OF ACTION**
                      (Declaratory and Injunctive Relief – First Amendment)
9

10    12.    Plaintiff refers to and incorporates herein by reference as through fully

11    set forth paragraphs 1 through 11 of this Complaint.

12    13.    An actual and justiciable controversy has arisen and now exists between

13    Plaintiff and Defendant concerning the constitutionality of the City's Sign Ordinance.

14    14.    Plaintiff contends that the Sign Ordinance is unconstitutional on its face

15    and as applied because it abridges rights secured by the First, Fifth and Fourteenth

16    Amendments to the United States Constitution and Article I §§ 2 and & of the

17    California Constitution in that:

18                    a.)    The Sign Ordinance is impermissibly vague and does not

19            provide sufficient safeguards to insure that City inspectors are prohibited from

20            exercising unbridled discretion in determining which signs constitute on-site

21            speech and which signs constitute off-site speech;

22                    b.)    The Sign Ordinance is void for vagueness, as the phrases

23            "other than incidentally" and "incidentally if at all" are not sufficiently defined,

24            and the City has refused to provide any guidelines by which the determination

25            as to whether a sign qualifies as a permitted business sign or prohibited general

26            advertising sign is made;

27                    c.)    The Sign Ordinance impermissibly distinguishes between

28            sign messages based on their content without any compelling government

LAW OFFICES OF PAUL E. FISHER
3101 W. Coast Highway, Suite 311
Newport Beach CA  92663
Office: (949) 631-9100
Facsimile: (949) 631-9101

4

interest and by means that are not narrowly drawn;

   d.) The Sign Ordinance constitutes an unlawful prior restraint of speech by regulating speech based on its content; and

   e.) The Sign Ordinance denies Plaintiff equal protection of the laws in that it deprives Plaintiff of the same free speech rights that identical land owners are allowed for their on-premises signs.

  15. Plaintiff is informed and believes and thereon alleges that Defendant disputes these contentions.

  16. Plaintiff desires a judicial determination of the rights, duties and obligations of the parties concerning the Sign Ordinance, and specifically a declaration that the Sign Ordinance is invalid and unconstitutional under the First Amendment of the United States Constitution.

  17. A judicial declaration is necessary and appropriate at this time in order that Plaintiff and Defendant may ascertain their rights, duties and obligations with respect to the Sign Ordinance.

  18. If Plaintiff is successful in this action, a significant benefit will be conferred on the general public, and Plaintiff is therefore entitled to reasonable attorney's fees.

## SECOND CAUSE OF ACTION
(Injunctive Relief)

  19. Plaintiff refers to and incorporates herein by reference as though fully set forth paragraphs 1 through 18 of this Complaint.

  20. Plaintiff is informed and believes and thereon alleges that unless and until restrained by this Court, the City will continue to demand the removal of the signs described above.

  21. Unless the City is enjoined and restrained from engaging in such conduct, Plaintiff will be irreparably injured and it will be deprived of constitutional rights guaranteed under the federal and state constitutions, will suffer substantial loss

1  of rents, profits and good will, the nature and extent of which will be extremely

2  difficult or impossible to ascertain, and will be subject to a multiplicity of suits.

3       22.    Plaintiff has no adequate remedy at law to prevent or redress the

4  irreparable injury alleged herein.

5                       **THIRD CLAIM FOR RELIEF**

6                      (Deprivation of Civil Rights)

7       23.    Plaintiff refers to and incorporates herein by reference as though fully set

8  forth paragraphs 1 through 22 of this Complaint.

9       24.    In engaging in the acts hereinabove alleged Defendant, has deprived

10  Plaintiff of rights, privileges and immunities secured by the Constitution of the United

11  States, specifically, the right to freedom of speech, due process and equal protection

12  of the laws as secured by the First and Fourteenth Amendments to the United States

13  Constitution.

14      25.    In performing these acts, Defendant has acted under color of statute,

15  ordinance, regulation and policy of the municipality, which is outside its

16  constitutional authority and contrary to law.

17      26.    As a direct and proximate result of the aforementioned conduct of

18  Defendant, Plaintiff has been and is being deprived and threatened with the

19  deprivation of rents, profits and goodwill from the maintenance and lease of the on-

20  premises signs described above, and has therefore been damaged in an amount

21  according to proof at trial.

22      27.    As a result of the conduct of the above described Defendants, Plaintiff

23  has been prevented from operating many of their signs and has been unable to

24  convince property owners to sign leases for other signs for fear of prosecution by the

25  City and the accrual of both criminal penalties and exorbitant fines.

26      28.    Plaintiff is entitled to reasonable attorney's fees pursuant to 42 U.S.C. §

27  1988.

28  ///

LAW OFFICES OF PAUL E. FISHER
3101 W. Coast Highway, Suite 311
Newport Beach CA  92663
Office: (949) 675-9090
Facsimile: (949) 675-9901

6

WHEREFORE, Plaintiff prays for judgment as follows:

## FIRST CLAIM FOR RELIEF

1.    For a judicial declaration and decree that the Sign Ordinance is unconstitutional on its face and as applied to Plaintiff because it violates rights secured by the First and Fourteenth Amendments to the United States Constitution and Article I §§ 2 and 7 of the California Constitution;

## SECOND CLAIM FOR RELIEF

2.    For a preliminary and permanent injunction restraining Defendant and their agents, employees, representatives, successors, and all persons acting in concert with them, from enforcing the provisions of the City's Sign Ordinance, from attempting to or threatening to coerce the removal of Plaintiff's signs, from interfering with or attempting to interfere with Plaintiff's use and enjoyment of the above-described signs, and from otherwise interfering with or preventing Plaintiff from erecting and maintaining the signs as above described.

## THIRD CLAIM FOR RELIEF

3.    For general damages in an amount according to proof at trial.

## ON ALL CLAIMS FOR RELIEF

4.    For reasonable attorneys' fees;

5.    For costs of suit herein; and

6.    For such other and further relief as the court may deem just and proper.

Dated: September 1, 2009          LAW OFFICE OF PAUL E. FISHER, P.C.


By: _____
     PAUL E. FISHER
Attorneys for Plaintiff CONTEST
PROMOTIONS, LLC

1  **DEMAND FOR JURY TRIAL**

2  TO DEFENDANTS:

3  PLEASE TAKE NOTICE that Plaintiff hereby demands a jury trial in this
   action.

4
   Dated: September 11, 2009          LAW OFFICE OF PAUL E. FISHER, P.C.
5

6

7

8  By: _____
       PAUL E. FISHER
9  Attorneys for Plaintiff CONTEST
   PROMOTIONS, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3140 W. Coast Highway, Suite 310
Newport Beach CA 92663
Office: (949) 631-9100
Facsimile: (949) 631-9101