IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTEST PROMOTIONS, LLC, | No. C 09-04434 SI |
|     Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
|     v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | |
|     Defendant. | |

On April 9, 2010, the Court heard oral argument on defendant's motion for judgment on the pleadings. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court GRANTS in part and DENIES in part defendant's motion.

**BACKGROUND**

The subject of this litigation is a San Francisco sign ordinance which regulates commercial advertising. Plaintiff Contest Promotions promotes and operates contests in which patrons "are invited to enter various business premises for the purpose of filling out applications and winning prizes." Complaint ¶ 6. Plaintiff posts advertisements near participating businesses which invite patrons to come into the nearby business and enter the contest. *Id*. ¶ 7.

Defendant City and County of San Francisco ("the City") maintains a municipal code which permits "on-site" advertisements called "Business Signs," but prohibits "off-site" advertisements known as "General Advertising Signs." *Id*. ¶ 8. A "Business Sign" is defined by San Francisco Planning Code section 602.3 as "[a] sign which directs attention to a business, commodity, service, industry, or other activity which is sold, offered, or conducted, other than incidentally, on the premises upon which such

sign is located, or to which it is affixed." *See* Ex. A to Def. RJN. A "General Advertising Sign" is defined by section 602.7 as a sign "which directs attention to a business, commodity, industry or other activity which is sold, offered or conducted elsewhere than on the premises upon which the sign is located, or to which it is affixed, and which is sold offered or conducted on such premises only incidentally if at all." *Id*. The chief distinction between the two for purposes of this case is whether the sign directs patrons to products or services available in the business which is posting plaintiff's signs.

In 2002, San Francisco voters passed Proposition G, which imposed a prohibition on any new General Advertising Signs within city limits. Proposition G did not affect the legality of on-site signs, which may be posted as long as the owner acquires a permit from the City. *Id*.

On December 16, 2008, the Director of the San Francisco Planning Department issued a Notice of Violation ("NOV") against the owner of a sign outside a business on Howard Street for lack of a valid permit. The City imposed a fine of $1000 for each day the sign remained posted. However, because the City did not know who owned the sign, the NOV did not name plaintiff. Upon learning of the NOV, plaintiff filed a Request for Reconsideration, and a hearing before an Administrative Law Judge ("ALJ") was scheduled for September 24, 2009. Ex. J to Def. RJN at 1-2. At the hearing, both parties stipulated that constitutional issues were not within the scope of the proceedings. *Id*. at 12.

With respect to the particular NOV on review, the ALJ concluded that the sign at issue "was not a business sign within the meaning of Planning Code section 602.3, but was a general advertising sign within the meaning of Planning Code section 602.7," and was therefore in violation of the City's sign ordinance. *Id*. at 24. The ALJ did not reach plaintiff's argument that the sign was an on-site sign because it directed attention to sweepstakes activity in the store because "at the time the NOV was issued, the subject sign did not direct attention to the sweepstakes." *Id.* at 23. Additionally, the ALJ did not determine the proper definition of "incidental" under the planning code because the sign directed attention to services "not conducted *at all* on the subject premises." *Id.* (emphasis in original).

Plaintiff filed this complaint on September 22, 2009, seeking declaratory and injunctive relief under the First, Fifth, and Fourteenth Amendments. Presently before the Court is the City's motion for judgment on the pleadings.

2

**LEGAL STANDARD**

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are "functionally identical," and the same inquiry is applied in ruling on both. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

To survive a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

The City moves for judgment on the pleadings on three grounds: (1) the ALJ decision is preclusive; (2) the Court should abstain under *Younger* because there is an ongoing state proceeding; and (3) plaintiff's claims fail as a matter of law. The Court will address each contention in turn.

**I.      Preclusive Effect of Administrative Law Judge Decision**

Defendant asserts that the ALJ's February 12, 2010 decision has preclusive effect in these proceedings. Plaintiff counters that the ALJ decision is not preclusive of the constitutional claims asserted here because plaintiff is not challenging the ALJ's factual or legal conclusions in this action. In particular, plaintiff points out that the ALJ's decision related to a single NOV with respect to a single

3

sign at one location. According to plaintiff, the issue presented in this case is not whether the ALJ was incorrect in classifying the particular sign before him as an "off-site" General Business Advertising sign, but whether the ordinances themselves violate the First, Fifth, and Fourteenth Amendments.

An aggrieved party may challenge the administrative decision of a California agency in court only after exhausting its administrative remedies. *Coachella Valley Mosquito & Vector Control Dist. v. Cal. Pub. Employment Relations Bd.*, 112 P.3d 623, 627 (Cal. 2005). The principle behind such a requirement is to protect the administrative agency's authority and to promote judicial economy by requiring parties to attempt to resolve an issue before an agency rather than litigating it in court. *Woodford v. Ngo*, 541 U.S. 81, 89 (2006). After a party has exhausted his or her administrative appeals, the sole avenue for seeking judicial review of the agency action is a petition for writ of mandate filed in a California superior court. Cal. Civ. Proc. Code § 1094.6(b). "[U]nless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action in superior court, those findings are binding in later civil actions." *Johnson v. City of Loma Linda*, 5 P.3d 874, 876 (Cal. 2000); *see also Plaine v. McCabe*, 797 F.2d 713, 719 n.12 (9th Cir. 1986) ("If an adequate opportunity for review is available, a losing party cannot obstruct the preclusive effect of the state administrative decision simply by foregoing [the] right to appeal.").

Although the ALJ's decision may enjoy preclusive effect if plaintiff sought to challenge the finding that the Howard Street sign violated the City's ordinance, the Court agrees with plaintiff that the ALJ's decision is not preclusive in the present action. Here, plaintiff filed in federal court to challenge the constitutionality of the sign ordinances. While a finding that the ordinances are unconstitutional would ultimately provide relief to plaintiff, the complaint does not challenge the ALJ's factual or legal findings, nor does plaintiff assert that the ALJ exceeded his authority.[1] Accordingly,

---

[1] Defendant's reliance on *Personnel Commission of the Barstow Unified School District v. Barstow Unified School District*, 50 Cal. Rptr. 2d 797 (Cal. Ct. App. 1996) is misplaced. In *Personnel Commission*, the California Court of Appeal held that a litigant may not recast a claim as a constitutional claim simply in order to avoid submitting the claim to the appropriate state agency. *Id.* at 806-07 (regardless of how claim is framed, court must assess whether the substance of the claim falls within the agency's "exclusive jurisdiction"). Here, plaintiff asserts a facial challenge to the constitutionality of a particular provision of the City's sign ordinances. The ALJ does not have exclusive jurisdiction over constitutional claims, and it does not appear that plaintiff is merely attempting to avoid the administrative exhaustion process by casting its claims as constitutional challenges.

4

plaintiff was not required to exhaust any administrative or judicial remedies prior to bringing suit in this Court, and the ALJ's decision does not have preclusive effect in these proceedings.

## II. *Younger* Abstention

Defendant next contends that this Court must abstain from considering plaintiff's claims under *Younger v. Harris*, 401 U.S. 37 (1971) because there is an ongoing state proceeding which precludes this Court's review. The *Younger* abstention doctrine applies where: (1) there is an ongoing state proceeding which (2) implicates important state interests and (3) provides an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). With respect to the first element, the City contends that it is an "open question" in the Ninth Circuit whether a state proceeding is considered "ongoing" under *Younger* if the "administrative proceeding is final and state court judicial review is available, but not yet invoked." Mot. to Dismiss at 21. Plaintiff counters that the mere possibility that it can appeal the ALJ's decision in state court does not mean there is an ongoing state proceeding for *Younger* purposes. Oppo. at 15 (citing *Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000 (9th Cir. 1995)).

Plaintiff's position is more persuasive. In *Agriesti*, the plaintiffs were arrested for distributing pamphlets on the sidewalk near the defendant hotel and were issued misdemeanor citations, but had not yet been prosecuted. *Id*. at 1001. Although the defendant asserted that the court should abstain from considering the plaintiffs' Section 1983 claims against the hotel due to the supposed pendency of state criminal proceedings, the Ninth Circuit found that "the [mere] potential for future state judicial proceedings . . . does not trigger *Younger* abstention." *Id*. at 1001-02. The circumstance of this case are analogous. Although the potential exists for state court review of the ALJ's decision, no party has yet invoked that review. Because there are presently no ongoing proceedings in state court "to which this Court can defer," *Younger* abstention does not apply at this time. *Id*.

At oral argument, there was some discussion about whether plaintiff intends to seek review of the ALJ's order in state court in the future. Plaintiff asserted that it has no intention of appealing the ALJ's decision in state court. If plaintiff ultimately does appeal the decision, the City may renew its *Younger* motion at that time.

5

### III. Constitutional Questions

#### A. "Unbridled Discretion"

Plaintiff first contends that the sign ordinance is unconstitutional because it "does not provide sufficient safeguards to insure that City inspectors are prohibited from exercising unbridled discretion in determining which signs constitute on-site speech, and which signs constitute off-site speech."[2] Complaint ¶ 14. In particular, plaintiff objects to the use of the term "incidental" in the definitions of on-site and off-site signs. *See* Planning Code § 602.3 (defining an on-site sign as "[a] sign which directs attention to a business, commodity, service, industry, or other activity which is sold, offered, or conducted, *other than incidentally*, on the premises upon which such sign is located, or to which it is affixed"); *id.* § 602.7 (defining an off-site sign as a sign "which directs attention to a business, commodity, industry or other activity which is sold, offered or conducted elsewhere than on the premises upon which the sign is located, or to which it is affixed, and which is sold offered or conducted on such premises *only incidentally if at all*") (emphases added). Defendant counters that the ordinances contain sufficient criteria to constrain local officials' discretion and to permit adequate review of their decisions.

To comply with constitutional free speech protections, ordinances governing advertising must contain "adequate standards to guide the official's decision and render it subject to effective judicial review." *G.K. Ltd. Travel v. City of Lake Oswego*, 436 F.3d 1064, 1082 (9th Cir. 2006). In addressing whether the ordinances at issue here contain sufficient standards to avoid granting City officials unbridled discretion in interpreting the term "incidental," each party relies on different Ninth Circuit caselaw addressing advertising-related ordinances. Plaintiff cites *Desert Outdoor Advertising v. City of Moreno Valley*, 103 F.3d 814 (9th Cir. 1996) for the proposition that an ordinance permitting city officials to make subjective, unguided determinations is unconstitutional. In *Desert Outdoor Advertising*, the City of Moreno Valley adopted an ordinance restricting any sign deemed "detrimental to the aesthetic quality of the community or the surrounding land uses." *Id.* at 818. The ordinance did

---

[2] Plaintiff does not challenge the constitutionality of any other aspect of the ordinance beyond the phrases "incidentally if at all" and "other than incidentally." The court's analysis is confined to whether plaintiff has stated a constitutional claim based on this language.

not provide local officials with any standards or tools to assist in making this determination, and the Ninth Circuit ruled that the ordinance permitted unconstitutionally unbridled discretion.

In contrast, the City relies on *G.K. Ltd.* and on *Outdoor Media Group v. City of Beaumont*, 506 F.3d 895 (9th Cir. 2007). In *G.K. Ltd.*, the ordinance in question stated that signs must "be compatible with other nearby signs, other elements of street and site furniture and with adjacent structures." 436 F.3d at 1082. Although the ordinance also directed officials to consider signs' aesthetic properties, the Ninth Circuit distinguished *Desert Outdoor Advertising* because the ordinance in *G.K. Ltd.* provided objective criteria for city officials to apply. In assessing a sign's "compatibility" with nearby signs, officials were specifically to examine "the relationships of the elements of form, proportion, scale, color, materials, surface treatment, overall sign size and the size and style of lettering." *Id.* The Ninth Circuit determined that the ordinance was sufficiently specific to permit effective review of City decisions, and therefore did not permit unbridled discretion. *Id.* In *Outdoor Media Group*, the Ninth Circuit approved an ordinance which prohibited off-site signs, defined as "any sign which advertises or informs in any manner businesses, services, goods, persons or events at some location other than that upon which the sign is located," and required all signs to be "compatible with the style or character of existing improvements upon lots adjacent to the site, including incorporating specific visual elements such as type of construction materials, color, or other design detail." 506 F.3d at 904 (quotation marks and alteration omitted). The Ninth Circuit held that city officials' discretion with respect to the off-site prohibition was sufficiently "cabined by specific findings regarding the relationship of the sign to the site, the freeway, and other signs in the area," and that the "compatibility requirement delineate[d] fairly specific criteria regarding the relationship between the sign and the site." *Id.* at 904-05.

In the Court's view, plaintiff has adequately alleged sufficient facts to contend that this case is more like *Desert Outdoor Advertising* than like *G.K. Ltd.* or *Outdoor Media Group*. Plaintiff has alleged that the ordinances in question permit City officials to determine whether a sign depicts an item sold or offered "incidentally" at the business where the sign is posted without offering any objective criteria for defining the term "incidental." For example, the ordinance does not direct officials to determine the incidental nature of an item by looking to the percentage of the store's stock or revenue it represents, how often it is sold, whether it is similar in kind to other items sold in the store, or any

7

other factor. Under the current language of the ordinance, it is not clear to the Court whether, for example, a sign advertising a lighter would be incidentally related to a store selling cigarettes. Because plaintiff has adequately stated an unbridled discretion claim by alleging that the ordinance offers no objective means of determining whether a sign advertises items sold "incidentally" at the business hosting the sign, defendant's motion for judgment on the pleadings as to this claim is DENIED.

### B.     Void for Vagueness

Plaintiff's second constitutional challenge, which is related to the unbridled discretion claim, asserts that the sign ordinance is void for vagueness because the terms "other than incidentally" and "incidentally if at all" are not clearly defined in the ordinance. Complaint ¶ 14. Under governing case law, an ordinance is unconstitutionally vague if it fails to provide people of ordinary intelligence a "reasonable opportunity to understand what it says" or if it "authorizes or encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 731 (2000). Plaintiff states a claim for vagueness for the same reasons that plaintiff has stated a claim for unbridled discretion. The City fails to identify, and the Court was not able to locate, a single section of the ordinance defining or giving guidance in interpreting the term "incidental." Although the Constitution does not demand "mathematical certainty" of language in a public ordinance, *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972), neither does it permit language so vague that a person of ordinary intelligence cannot comprehend its meaning. In the Court's view, plaintiff has adequately stated a constitutional vagueness claim, and the City's motion for judgment on the pleadings with respect to this claim is DENIED.

### C.     First Amendment

Plaintiff further asserts that the sign ordinance is unconstitutional under the First Amendment. Complaint ¶ 14. Although commercial speech is afforded First Amendment protections, it has a subordinate position to noncommercial speech in the scale of First Amendment values. *United States v. Edge Broadcasting Co.*, 509 U.S. 418, 430 (1993). Accordingly, it is afforded "somewhat less extensive" protection than is afforded noncommercial speech. *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 637 (1985); *see also In re Doser*, 412 F.3d 1056, 1063 (9th Cir. 2005). First

Amendment protections apply to commercial speech only if it concerns a lawful activity and is not misleading. Once it has been established that the speech is entitled to protection, any government restriction on that speech must satisfy a three-part test: (1) the restriction seeks to implement a substantial government interest, (2) the restriction directly advances the government's interest, and (3) the restriction reaches no further than necessary to accomplish the given objective. *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557, 563-66 (1980). Although this standard is higher than rational basis review, it is lower than the strict scrutiny standard plaintiff urges the Court to apply.

The City does not contend that plaintiff's signs were either unlawful or misleading. Accordingly, the Court presumes that First Amendment protections could apply to the commercial speech at issue. With respect to the first element of the *Central Hudson* test, the Supreme Court has specifically held that the City's stated intent in enacting the ordinance – "to safeguard and enhance property values in residential, commercial and industrial areas . . . [and] to protect the distinctive appearance of San Francisco" – is a substantial governmental interest. *See Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 507-09 (1981). The Supreme Court has also held that ordinances differentiating between on-site and off-site billboards are directly related to the substantial governmental interests of safety and aesthetics. *Id.* Accordingly, the first and second elements of the *Central Hudson* analysis are satisfied.

The third element of the *Central Hudson* analysis – whether the ordinance reaches no further than necessary to achieve its objective – bears the most scrutiny. The Supreme Court has explained that in order to satisfy this element,

> The Government is not required to employ the least restrictive means conceivable, but it must demonstrate narrow tailoring of the challenged regulation to the asserted interest – a fit that is not necessarily perfect, but reasonable; that represents not necessarily the single best disposition but one whose scope is in proportion to the interest served.

*Greater New Orleans Broadcasting Ass'n, Inc. v. U.S.*, 527 U.S. 173, 188 (1999) (internal quotation marks and citation omitted). Although the ordinance in question in this case does not seek to prevent all signs from being posted, nor does it entirely prevent third parties from posting signs, the language "incidentally if at all" broadens the City's restriction on commercial speech to an indeterminable and potentially considerable extent. Thus, the Court finds that plaintiff has adequately alleged a First

9

Amendment violation and DENIES defendant's motion for judgment on the pleadings with respect to the First Amendment claim.

### D.     Equal Protection

Lastly, plaintiff asserts that the sign ordinance violates the right to equal protection "in that it deprives Plaintiff of the same free-speech rights that identical land owners are allowed for their on-premises signs." Complaint ¶ 14. Plaintiff does not suggest what standard of review should be applied under an equal protection analysis. The City asserts that because the ordinances are constitutional under the First Amendment, the ordinances necessarily fulfill the rational basis test of an equal protection claim.

Courts afford heightened review to cases in which a classification jeopardizes a fundamental right, or where the government has categorized on the basis of an inherently suspect characteristic. *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). Where a fundamental right is not implicated, and no suspect class is identified, a government ordinance or action is reviewed under the rational basis test. *Id*. An ordinance satisfies the rational basis test if it is "rationally related to a legitimate state interest." *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).

While plaintiff suggests that the ordinance impermissibly discriminates between "identical land owners" who are attempting to post different types of signs, the Supreme Court has already determined that a municipality may "distinguish between the relative value of different categories of commercial speech." *Metromedia*, 453 U.S. at 514. Accordingly, "offsite commercial billboards may be prohibited while onsite commercial billboards are permitted." *Id*. at 512. Additionally, even to the extent a fundamental right is restricted by the City's ordinances, the ordinances do not work a "a *class-based* denial of a particular right." *Plyler v. Doe*, 457 U.S. 202, 217 n.15 (1982) (emphasis added). Unless plaintiff can articulate a different basis for providing heightened review, the ordinance is reviewed under the rational basis test.

As the Supreme Court has already determined that governments have a legitimate interest in the aesthetics of a city, the sole question is whether the ordinance is rationally related to this objective. *See Metromedia*, 453 U.S. at 507-08. Although plaintiff had adequately alleged that part of the language in

the ordinance is unconstitutionally vague, the ordinance is nevertheless rationally related to the legitimate purpose of improving the aesthetics of the City. Accordingly, the Court GRANTS the City's motion for judgment on the pleadings with respect to the Equal Protection claim, with leave to amend.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part and DENIES in part defendant's motion for judgment on the pleadings. (Docket No. 24). Plaintiff requested leave to amend, which is GRANTED; plaintiff may file an amended complaint no later than **June 4, 2010.** Alternatively, plaintiff may by that date notify the Court that it will stand on its present pleadings.

**IT IS SO ORDERED.**

Dated: May 18, 2010

SUSAN ILLSTON
United States District Judge