IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTEST PROMOTIONS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SAN FRANCISCO,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　/ | No. C 09-04434 SI<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

On November 1, 2010, the Court heard argument on plaintiff's motion for a temporary restraining order ("TRO") and order to show cause regarding a preliminary injunction. Having considered the arguments of counsel and the papers submitted, the Court hereby rules as follows.

Prior to October 31, 2008, defendant City of San Francisco issued plaintiff Contest Promotions a number of Notices of Violation ("NOVs") for what defendant considers to be illegal off-site advertising signs. On that day, the parties entered into a stay agreement regarding the NOVs that had already been issued. Threet Decl. Ex. A. In the stay agreement, defendant agreed, among other things, "to toll the running of daily penalties for the alleged violations of the sign ordinance." *Id.* The parties later agreed to lift the stay with respect to one NOV, which notified plaintiff of a violation relating to a sign on Howard Street. Threet Decl. Ex. B. Plaintiff filed a state administrative motion for reconsideration of that NOV, and the Howard NOV proceedings served as a test case for plaintiff's non-constitutional claims. *See* Doc. 32.

Plaintiff filed a complaint in this case on September 22, 2009, seeking declaratory and injunctive relief under the First, Fifth, and Fourteenth Amendments. Compl. The Court granted in part and denied in part defendant's February 19, 2010 motion for judgment on the pleadings. Doc. 32. One of the issues

raised in that motion was *Younger* abstention. Defendant argued that the Court should abstain because the Howard NOV proceedings were ongoing. The Court found that the Howard NOV proceedings were not ongoing, as the ALJ had already reached a decision and plaintiff had not appealed—and stated that he would not appeal—in state court. The Court said that if plaintiff did appeal the ALJ decision, defendant could renew its motion at that time. *Id.*

Now, over two years after agreeing to stay enforcement of the NOVs, and over one year into these federal court proceedings, defendant is threatening to withdraw from the stay agreement. This would leave plaintiff facing fines accruing at a rate of $1,300 to $2,200 per day for each of 34 signs. Shafner Decl. ¶¶ 11, 13 (but explaining that two of the 34 NOVs are already not included in the stay agreement). As plaintiff has described it, plaintiff would be left with three unpalatable choices: to take down each sign immediately and lose all revenue associated with the signs, to subject itself to penalties amounting to tens of thousands of dollars per day as it continues to litigate a case with a trial date set for June 2011, or to initiate and participate in expensive state administrative proceedings that could require the Court to abstain from hearing this case so long after it was filed.

On October 25, 2010, plaintiff filed an ex parte motion for a TRO and an order to show cause regarding a preliminary injunction. Defendant notified the Court that it intended to file a brief in opposition. The Court temporarily enjoined defendant from enforcing any Notice of Violation challenged in this law suit until it had an opportunity to rule on plaintiff's motion, and scheduled a telephonic hearing for November 1. As plaintiff's motion has now been fully briefed and argued by both parties, the Court construes it as a motion for a preliminary injunction.[1]

Defendant makes a variety of arguments regarding the purpose of the stay agreement and whether it had been violated previously. This is the first time the Court has heard any of these arguments, and the first time the Court has been informed that one of the parties wishes to withdraw from the agreement. This is so despite the fact that over the last thirteen months the parties filed two

---

[1] The standards for issuing a TRO and a preliminary injunction are similar. *See Los Angeles Unified Sch. Dist. v. U.S. Dist. Ct.*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008).

joint case management statements and the Court held three case management conferences. A trial date has set and, not one month ago, numerous deadlines were extended at the parties' joint request. Additionally, the Court has already ruled on one potentially dispositive defense motion, in which it clarified that plaintiff has made several viable constitutional arguments and in which it rejected defendant's *Younger* abstention argument. Even so, and without any notice to the Court, defendant informed plaintiff that it would withdraw from the stay agreement if plaintiff did not settle the case as an upcoming mediation.

The case has not proceeded in a manner designed to accommodate this type of unilateral transformation of the status quo. The Court hereby ORDERS the parties to continue to abide by the stay agreement until this case is resolved. (Doc. 41.) The Court renews its offer, first made during the telephone hearing on this question, to accelerate the case's schedule, including the trial date, should the parties so request.

**IT IS SO ORDERED.**

Dated: November 12, 2010

SUSAN ILLSTON  
United States District Judge